UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RODOLFO ZAMORA, SERGIO ZAMORA,
and EMMA ARANA,
                   Plaintiffs,

vs.

JACKSON NATIONAL LIFE INSURANCE
COMPANY,
                   Defendant.
_____

JACKSON NATIONAL LIFE INSURANCE
COMPANY,
               Counter Claimant

vs.                                             Case No.  3:14-cv-1184-J-34JRK

RODOLFO ZAMORA, SERGIO ZAMORA,
and EMMA ARANA,
               Counter Defendants.
_____

JACKSON NATIONAL LIFE INSURANCE
COMPANY,
               Third Party Plaintiff

vs.

NANCY OLIVERA, as personal representative
for the Estate of Jose D. Zamora
             Third Party Defendant
_____/

# **O R D E R**[1]

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.

---

[1] The parties are directed to use the case style reflected above in all future filings.

See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); see also Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999).  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 29, 2014, Defendant Jackson National Life Insurance Company (Jackson) filed a notice removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.  See Defendant Jackson National Life Insurance Company Notice of Removal (Notice) at 1.  In the Notice, Jackson asserts that this action "is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332," and "may be removed to this Court by Jackson, pursuant to 28 U.S.C. §§ 1441 and 1446."  Notice at 2.  However, despite these assertions, the Court is unable to determine whether it has jurisdiction over this action.

Initially, the Court notes that "[d]iversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000."  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  Here, the Notice fails to adequately identify the

citizenship of Plaintiffs. In the Notice, Jackson alleges that Sergio Zamora and Emma Arana are residents of Florida, and therefore "citizenship in the State of Florida is assumed for diversity purposes." See Notice at 2. Likewise, Jackson asserts that Plaintiff Rodolfo Zamora is a resident of New Jersey, and therefore, "citizenship in the State of New Jersey is assumed for diversity purposes." Id. These allegations do not sufficiently establish Plaintiffs' citizenship for purposes of diversity jurisdiction, and the underlying Complaint does not include any allegations as to the citizenship of the parties. See Complaint (Doc. 2) at 1.

In order to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Accordingly, the assertions in the Notice as to Plaintiffs' residences are insufficient to establish their citizenships for diversity purposes. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Moreover, Jackson's merely passive assertion that citizenship in the state of residence "is assumed," is not sufficient to affirmatively allege the citizenship of any of the Plaintiffs. See Notice at 2.

In light of the foregoing, the Court will give Jackson an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[2]  Accordingly, it is

**ORDERED**:

Defendant Jackson National shall have until **October 20, 2014**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on October 7, 2014.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").